DEDEAUX *v.* YOUNG

No. 43271 January 18, 1965 170 So. 2d 561

*Holleman & Hurlbert,* Gulfport, for appellant.

*White & Martin,* Gulfport, for appellee.

RODGERS, J.

The issue in this case is twofold. First, it is the contention of appellee K. L. Young that appellant Curtis O. Dedeaux agreed to pay him a broker's fee of five percent on the sale of property from William B. Bosworth, Jr. to appellant. Appellant admits that he agreed to pay expenses that Young might have in-

curred because of the transaction but denied that he intended to pay a five percent commission on the sale price. This is an issue of fact, and we are of the opinion that there is ample evidence in the record to substantiate the finding of the chancellor on this issue. ██ █ The finding of the chancellor on disputed issues of fact will not be disturbed on appeal unless it appears that his finding is manifestly wrong. McCaffrey v. Mills, 250 Miss. 649, 167 So. 2d 816 (1964).

 Second, it is the contention of appellant Dedeaux that, assuming he promised to pay appellee Young a small commission, the promise was not a contract because there was no consideration moving to Dedeaux, therefore such a promise, if made, was not binding. The testimony shows, however, that at the time appellant made the promise to pay the commission, he did so to prevent appellee from filing a suit, which could have prevented the culmination of the sale of the property. The chancellor held, as a matter of law, that Young's agreement not to file suit was sufficient consideration moving from Young to Dedeaux to make the contract binding. █ A request to forbear to exercise a legal right has been generally accepted as sufficient consideration to support a contract, by this and other Supreme Courts, for many years. McGehee v. McGehee, 227 Miss. 170, 85 So. 2d 799 (1956); Lowndes Cooperative Association (AAL) v. Lipsey, 240 Miss. 71, 126 So. 2d 276 (1961); Owen Tie Co. v. Bank of Woodland, 136 Miss. 114, 101 So. 292 (1924); 12 Am. Jur., Contracts, § 84, p. 578 (1938); Anno. 74 A. L. R. 293 (1931).

We are of the opinion that the chancellor was correct in his ruling on both questions of law and fact, and that this case should be, and is, affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.