BRADY, Justice:
Appellant, Mrs. Joyce Wilson Boswell, filed a petition in the Chancery Court of Lauderdale County seeking modification of a former divorce decree. Appellee, Joseph Miller Boswell, answered and filed a cross-bill wherein he sought the care and custody of their three minor children. On June 3, 1966, a final decree was entered dismissing the petition of appellant and granting the relief sought in appellee’s cross-bill. From this decree the present appeal is prosecuted. The essential facts are as follows.
On May 15, 1963, a divorce decree, including a property settlement, was entered in which appellant was awarded the care and custody of their three minor children, Roy Wesley Boswell, age twelve, Anthony Joseph Boswell, age nine, and Jerry Darryl Boswell, age six. Under the terms of this decree appellee was required, among other things, to pay appellant $200 per month for the support and maintenance of the three children until they reached twenty-one years of age, an equitable reduction being made as each child reached twenty-one.
On May 24, 1963, nine days subsequent to the granting of the decree, appellant married Frederick Donald Feinstein. No children were born of this union. On December 26, 1963, appellant and Feinstein were separated, and appellant subsequently obtained a divorce. Shortly thereafter., appellee married Nancy Parker Royal who had two children by a former marriage. This marriage apparently is a happy and propitious one for both parties.
On April 6, 1966, appellant filed her petition in the present case wherein she sought additional money for the support of the three children. In her petition appellant alleged that she no longer received financial assistance from her parents because of their age; that the children were older and their needs had increased; that she had been forced to obtain employment to help defray living expenses; and that she required medical attention because of failing health.
Appellee answered and filed a cross-bill in which he sought to have the custody of the three children taken from appellant and granted to him. In his cross-bill appellee alleged that appellant had not used the funds contributed by him for the exclusive use of the children; that appellant had been keeping company with men and had been drinking intoxicating liquors; and that appellant had failed to perform her duties as a mother and was not a fit and suitable person to have the care and custody of their minor children. Appellant denied the allegations of the cross-bill and urged that it was in the best interest of the children that they be allowed to remain with her and that the allowance for child support be increased.
After receiving all the testimony and after interviewing the oldest child, Roy Wesley Boswell, in chambers, the chancellor modified the original decree and ruled that the best interest of the children at the present time would be served by denying the relief *268 sought by appellant and granting the relief prayed for by appellee in his cross-bill. Accordingly, the chancellor decreed that the care and custody of the children should be granted to appellee with the understanding that appellant would have reasonable rights of visitation. Under the terms of the modified decree the children were to be allowed to visit their mother during the summer months for reasonable periods of time to be agreed upon by appellant and appellee.
The chancellor found that the children were remarkably well-adjusted under the circumstances but that certain aspects of their personalities, which he observed in his discussions with them, indicated that the children needed their father. While the chancellor saw no need for commenting upon certain actions on the part of appellant, he indicated that there was no doubt in his mind that the best interest of the children would be served by granting custody to ap-pellee.
Appellant contends that the evidence was wholly insufficient to justify the chancellor in finding that it was in the best interest of the children that they be placed in the custody of appellee. For this reason appellant urges that the chancellor erred in granting custody of the children to appellee and in denying appellant the relief sought in her petition. It is obvious that the basis upon which appellant predicates her appeal is one of factual determination.
The record reveals that appellant, because of her duties as a warehouse control clerk at the Meridian Naval Air Station, is prevented from spending much time with her children from seven in the morning until six in the evening Monday through Friday. The record further shows that appellant frequently has dinner engagements with gentlemen friends on Friday and Saturday nights and that she has spent weekends with friends and acquaintances in New Orleans, Louisiana, at Mardi Gras and in Jackson, Mississippi. On these occasions her children have been left in the care of white and Negro babysitters. On at least one occasion appellant’s oldest son has imbibed wine which was stored with other intoxicating liquors in appellant’s home. The record discloses that one of the children has undergone psychiatric treatment because of the lack of personal contact with and affection from his mother, and the proof shows that appellant is experiencing difficulty in disciplining the oldest son.
We agree with the chancellor that it is unnecessary to discuss all the charges made by appellee with reference to certain aspects of appellant’s conduct. There is ample proof in this case to substantiate the finding of the chancellor that it is in the best interest of the children that their care and custody be entrusted to appellee. It has been repeatedly held by this Court that the findings of the chancellor on questions of fact will not be disturbed on appeal unless it appears that his findings are manifestly wrong. Dedeaux v. Young, 251 Miss. 604, 170 So.2d 561 (1965) ; McCaffrey v. Mills, 250 Miss. 649, 167 So.2d 816 (1964); Campbell v. Campbell, 249 Miss. 670, 163 So.2d 649 (1964).
For these reasons the decree of the chancellor awarding the care and custody of the children to appellee should be and it is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.