355 So.2d 667 (1978)
Hoover RICHARDSON et al.
v.
W.A. RILEY et al.
No. 50056.
Supreme Court of Mississippi.
March 1, 1978.
David R. Sparks, Tupelo, for appellants.
Parker, Averill, Funderburk & Butts, Roy O. Parker, Tupelo, for appellees.
Before PATTERSON, C.J., and BROOM and BOWLING, JJ.
BOWLING, Justice, for the Court:
This appeal is from the Chancery Court of Lee County, Mississippi, and involves title to a small parcel of land adjacent to the Lee-Chickasaw County line.
Appellee, W.A. Riley, filed his bill of complaint against appellants, heirs of Willis Richardson, Sr., requesting a court decree that he be declared the owner of the property in question. After the cause was filed, complainant conveyed a portion of the property in dispute to John L. Elliott, who then became one of the complainants. The primary question in the case is the location of the county line, which necessarily included *668 the section line. These parties and their predecessors have been in constant controversy over this small piece of land for many years. Litigation has ensued, the first case starting in the year 1947. The controversy previously has been before this Court [Riley v. Richardson, 267 So.2d 901 (Miss. 1972)].
Appellee Riley lives in Lee County and claims land to the Lee County line and no more. Appellants, the Richardsons, live in Chickasaw County and claim land to the county line and no more. As stated above, the question, therefore, is: "Where is the county line?"
The appellants contend that the county line follows along a roadway constructed in 1928, known as the "new county line road." Appellees contend that the county line is south of the road and corresponds with an old hedge row and fence at that location. The disputed property is the strip approximately seventy-five feet in width located south of the road, between the road and the line as alleged by appellants.
In the case when the controversy was last before the Court we affirmed the chancellor's dismissal of the cause. Neither the chancellor nor this Court were able to determine the county line from the record then made. We set out certain yardsticks to follow in that opinion, the principal ones being as follows: (1) When a surveyor is called upon to establish a land line between coterminous owners, the surveyor should begin at an established government corner called for by the field notes and find the evidences or some of them sufficient to show that it was a correct corner, and (2) in the event that a section corner cannot be identified by the field notes with reasonable accuracy, then the line can be established by general reputation in the community and by extrinsic evidence.
The testimony in the present case as to occupancy of the land in question and the location of the county line was about evenly divided. We shall not discuss that testimony in detail as it would serve no useful purpose in this opinion. The chancellor made an on-the-scene inspection of the area after hearing witnesses for all parties. He first found that neither appellants nor appellees had established title to the strip of land by adverse possession. He was correct in this finding. He then found that the county line was as contended by appellees and as established by their testimony, their witnesses, and the court's personal inspection. Appellees introduced one Prentiss Renshaw, a licensed surveyor of some forty-five years' experience. Although he could not establish a section corner by government field notes, he did establish the line as contended by appellees along the old hedge row and fence line south of the road. In addition to certain markers used by him in the survey, he used his determination of the general reputation in the community as to the location of the line. As hereinbefore stated, other witnesses introduced by appellees established the line as shown on the survey and based their evidence on personal knowledge as well as general reputation in the community.
After visiting the area, the chancellor found as a fact that "[T]he road has crooks and turns of such magnitude as to rule out the possibility of its following or closely paralleling the section/county line."
The principle of law with which we are concerned has been repeated by this Court many times. It is that where the chancellor was the trier of facts, his findings of fact on conflicting evidence cannot be disturbed by this Court on appeal unless we can say with reasonable certainty that these findings were manifestly wrong and against the overwhelming weight of the evidence. Even if this Court disagreed with the lower court on the finding of fact and might have arrived at a different conclusion, we are still bound by the chancellor's findings unless manifestly wrong, as stated above. Some of the cases repeating this principle are: McNair v. Capital Electric Power Ass'n, 324 So.2d 234 (Miss. 1975); Crechale & Polles, Inc. v. Smith, 295 So.2d 275 (Miss. 1974); Fayard v. Fayard, 293 So.2d 421 (Miss. 1974); Brent v. Cox, 246 So.2d 552 (Miss. 1971); Laher Spring & Elec. Car Corp. v. Breckenridge, 221 So.2d 718 (Miss. 1969); Rainey v. Rainey, 205 So.2d *669 514 (Miss. 1967); Sims v. Sims, 203 So.2d 804 (Miss. 1967); Saxon v. Harvey, 190 So.2d 901 (Miss. 1966); Dedeaux v. Young, 251 Miss. 604, 170 So.2d 561 (1965); Smith v. Fanning, 25 So.2d 481 (Miss. 1946); Crichton v. Halliburton & Moore, 154 Miss. 265, 122 So. 200 (1929); see also, Griffith, Mississippi Chancery Practice § 674 (2d ed. 1950).
The testimony of the surveyor, including his plat, and the testimony of appellees and their witnesses, in addition to personal examination by the chancellor, reveal ample evidence and grounds on which the chancellor based his opinion and determined the county/section line at the area involved. After determining the location of the line it necessarily followed that the chancellor was bound to find that appellees owned the property north of the line, which included the strip between the road and the line. As stated above, even though there is evidence to the contrary, this Court cannot say with reasonable certainty that the chancellor's findings were in error. It follows that the cause should be and it is affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, WALKER, BROOM and LEE, JJ., concur.
SUGG, J., took no part.