Shannon L. HORNE, William E. Jennings, Jr., John D. Holland, and Michelle M. Brubaker, Individually and on Behalf of All Others Similarly Situated Plaintiffs

v.

TIME WARNER OPERATIONS, INC., Warner Communications, Inc., d/b/a Time Warner Cable, Capitol Cablevision Systems, Inc., American Television Communications Corp., Cable One, Inc. Defendants

No. CIV. A. 3:99CV606BN.

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 10, 1999.

Robert Gordon Methvin, Jr., Robert G. Methvin, Jr., P.C., Birmingham, AL, Christopher W. Cofer, Cofer & Ogletree, P.A., Jackson, for Shannon L. Horne, On Behalf of Herself and All Others Similarly Situated, William E. Jennings, Jr., John D. Holland, Michele M. Brubaker, plaintiffs.

William F. Goodman, Jr., Paul H. Stephenson, III, Lynn Plimpton Risley, Watkins & Eager, Michael B. Wallace, James W. Craig, Eric Thurston Hamer, Phelps Dunbar, Jackson, for Time Warner Operations, Incorporated, Warner Communications, Inc., d/b/a Time Warner Cable, Capi-

tol Cablevision Systems, Incorporated, American Television & Communications Corporation, John Does, Incorporataed 1–10, John Does, 1–30, Cable One, Inc., defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on four motions filed by Defendants. Defendant Cable One, Inc. (Cable One)filed a motion for severance and a motion to transfer to the Western Division of this Court. Also before the Court are two motions to dismiss, one filed by each of Defendants Time Warner and Cable One. The Court has considered the motions and Plaintiffs' responses. The Court finds that the motions to dismiss are well taken and are granted. Because of this disposition of the motions to dismiss, the motions of Cable One for severance and to transfer are moot, and are thus denied.

### I.  Background

This case was transferred to the Jackson Division from the Hattiesburg Division by Order of United States District Judge Charles W. Pickering on August 25, 1999. In that Order, Judge Pickering transferred the case without addressing the mo-

tion of Cable One to transfer to the Western Division. Judge Pickering left to this Court disposition of both motions to dismiss, as well as the motions for severance and to transfer.

The Second Amended Complaint in this matter contains the following allegations. Plaintiffs are, or were, subscribers to the cable television services of Defendants Time Warner Cable and Cable One.[1] Plaintiff Jennings lives in Yazoo County, Mississippi, and, as alleged in the complaint, subscribes to Time Warner Cable.[2] Plaintiffs Horne and Brubaker are residents of Hinds County, Mississippi, and subscribe to Time Warner Cable. Plaintiff Holland is a resident of South Carolina and at one time subscribed to Time Warner Cable. Plaintiffs allege that they each were charged, and paid, a late payment fee of $5.00 for failing to timely pay for their cable service.

The Second Amended Complaint goes on to assert eight causes of action. Plaintiffs claim (1) misrepresentation, (2) fraudulent suppression and concealment of facts, (3) breach of contract, (4) unlawful liquidated damages or unenforceable penalty, (5) conversion, (6) money had and received, (7) unjust enrichment, and finally (8) declaratory and injunctive relief.[3]

---

1. While the Second Amended Complaint names five defendants, it appears that there are only two. As Defendant Time Warner Cable points out, and Plaintiff does not refute, Capitol Cablevision Systems and Time Warner Operations no longer exist as legal entities. Warner Communications does not operate, and apparently has never operated, the cable television system operated by Time Warner Cable, thus could not be subject to Plaintiffs' claims. Finally, American Television and Communications was the predecessor to Time Warner Cable. Counsel for Time Warner Cable, therefore, has proceeded as if there were only two defendants. However, counsel has not moved for dismissal of Defendant Time Warner Communications, which is apparently the only viable named defendant that is independent of Time Warner Cable. The Court will, therefore, proceed as if Defendant Time Warner Cable represents the interests of all defendants except Cable One and as if the arguments presented by Time Warner

Cable are the arguments of all those defendants.

2. Curiously, the complaint alleges that Plaintiff Jennings subscribed to Time Warner Cable, but in the same paragraph alleges that he paid a late payment fee to Defendant Cable One. There is no allegation that Defendant Cable One operates, or at any time operated, the Time Warner Cable system. The Court also notes that there is no allegation that the two Defendants are affiliated or that they collaborated in any way regarding late payment fees.

3. The Court notes that the complaint also contains a class action allegation. However, no motion has been filed pursuant to Rule 23 of the Federal Rules of Civil Procedure for certification of a class. Thus, for present purposes, the Court is concerned only with the claims of the named plaintiffs against the named defendants.

Defendants Time Warner Cable and Cable One have each filed motions to dismiss. Cable One has also filed motions for severance and for transfer.

## III. Discussion

### A. The Motions to Dismiss.

#### 1) The Legal Standard

■ For the purposes of a motion to dismiss under Rule 12(b)(6),[4] all material allegations in Plaintiff's Complaint must be taken as true and construed in the light most favorable to Plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). A Rule 12(b)(6) dismissal is not appropriate unless it appears to a certainty that Plaintiff would not be entitled to relief under any set of facts that could be proven. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, a complaint may be dismissed if it fails to allege an element of a claim necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995). Moreover, conclusory allegations or legal conclusions, as opposed to factual conclusions, will not prevent the Court's granting of a motion to dismiss. *Id.* (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)).

#### 2) The Facts of this Case Viewed Favorably to Plaintiffs

Excluding the mere legal conclusion asserted by Plaintiffs that Defendants had no legal right to charge a late fee, the facts contained in the complaint, which the Court must accept as true, are as follows. Defendants provide cable television service to customers in Mississippi. Plaintiffs subscribe to the service of Defendant Time Warner. Defendants send monthly service invoices to their customers, which state on their face that if payment is not made by a certain date, a $5.00 late fee will be charged. Plaintiffs each paid such a late fee. Each Plaintiff paid the late fee in order to keep their cable television service from being terminated.

Although the Plaintiffs allege that nothing in their contracts with Defendants allowed Defendants to charge a late fee, Plaintiffs failed to attach a copy of the alleged contracts to the complaint. Defendant Time Warner attached a copy of its form Service Agreement to its motion to

4. The Court is not converting the motion to dismiss of Time Warner to a motion for summary judgment despite the submission by Defendant of the Work Order/Service Agreement. Such a submission is evidence extraneous to the Complaint itself and would ordinarily require the Court to convert the motion to dismiss into a motion for summary judgment. Fed.R.Civ.P. 12(b). However, Plaintiffs allege that there was a contract between them and one or more of the Defendants and claim that it contained no basis for the late fee charged by Defendants. Second Amended Complaint ¶ 14. Plaintiffs did not attach a copy of the alleged contract to the complaint. The Work Order/Service Agreement attached to the motion to dismiss of Time Warner contains the contract that existed between Time Warner and its customers. "[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1327, 762–63 (1990). Although the United States Court of Appeals for the Fifth Circuit has not addressed this specific issue, this Court predicts that the Fifth Circuit will follow the recent trend in other circuits allowing district courts to consider a pertinent document that the plaintiff fails to attach to the complaint, but that the defendant attaches to their motion to dismiss without converting the motion to a motion for summary judgement, especially when the authenticity of the document is not challenged. *See Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.1998); *Parrino v. FHP Inc.*, 146 F.3d 699 (9th Cir.1998); *Steinhardt Group, Inc. v. Citicorp*, 126 F.3d 144 (3rd Cir.1997); *Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321 (7th Cir.1997); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364 (11th Cir.1997); *International Audiotext Network, Inc. v. AT & T*, 62 F.3d 69 (2nd Cir.1995). Plaintiffs have not challenged the authenticity of the Work Order/Service Agreement. In fact, they do not dispute that it is the contract.

dismiss, one of which was signed by each of Plaintiffs Horne, Brubaker and Holland. That document clearly contains language warning the customer that a late payment fee would be charged.

### 3) The Motions of Defendants

The Court will address the motions to dismiss together because both Defendants make essentially the same arguments in their respective motions to dismiss. Moreover, Plaintiffs filed a consolidated response to the two motions. The Court does, however, make one observation specific to the claims against Cable One, which independently warrants dismissal of the claims against Cable One.

That observation is that there are only two allegations in the entire complaint that refer specifically to Cable One. One of those allegations is the one identifying Cable One. Second Amended Complaint ¶ 9. The other is that which states that Plaintiff Jennings paid a late fee to Cable One. *Id.* ¶ 2. Curiously, however, that allegation also states that Jennings subscribed to Time Warner Cable, not Cable One. Paragraph 2 of the complaint is therefore internally inconsistent. Moreover, Plaintiffs have not asserted, in any way or at any time, that Time Warner and Cable One are affiliated, nor have they asserted any sort of conspiracy or concerted action by the two Defendants. The Court thus finds that Plaintiffs have failed to state a claim against Cable One. However, assuming *arguendo* that this is not sufficient justification for dismissal of Cable One, the discussion below applies equally to both motions to dismiss.

██ The first argument advanced by Defendants, and which the Court accepts, is that Plaintiffs' claims are barred by the "voluntary payment" rule. The Mississippi Supreme Court stated the rule, as it exists under Mississippi law, in *McLean v. Love*, 172 Miss. 168, 157 So. 361 (1934):

[A] voluntary payment within the meaning of the rule is a payment made, *without compulsion or fraud*, and *with-*

*out any mistake of fact*, of a demand which the payor does not owe, and which is not enforceable against him, instead of invoking the remedy or defense which the law affords against such demand, and when there has been no agreement between the parties at the time of payment, that any excess will be repaid .... [W]here an unjust demand has been made upon a party, a demand ... for more than he owes, he must when he knows or ought to know the facts, avail [himself] of the means which the law affords him to resist the demand, and if he does not, and makes the payment demanded, he has not taken due care.

*Id.* at 362 (emphasis added). There are, therefore, only three circumstances under which a person may recover a payment made, even if the person paid more than he may actually have owed: compulsion (duress), fraud, and mistake of fact. Plaintiffs argue that the voluntary payment rule is inapplicable because they have pled facts sufficient to avoid dismissal under each of those three defenses. The Court is not persuaded.

██ Plaintiffs argue that they paid the late payment fees under duress due to a threat from Defendants that Plaintiffs' cable service would be terminated if they did not pay. Plaintiffs' argument is thwarted by the fact that under Mississippi law a threat to do something you have a legal right to do is not, and never can be, duress. *McGehee v. McGehee*, 227 Miss. 170, 85 So.2d 799, 803 (1956). Surely Defendants have the right not to do business with, in this case provide service to, a person who will not pay for the service. Therefore, Plaintiffs failed to allege sufficient duress for that exception to the voluntary payment rule to apply.

██ Plaintiffs also argue that they have pled facts sufficient for the fraud exception to the voluntary payment rule to apply. In Mississippi, for a plaintiff to have a cause of action for fraud, he must plead:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent and proximate injury.

*Nichols v. Tri–State Brick & Tile Co.,* 608 So.2d 324, 330 (Miss.1992) (quoting *Whittington v. Whittington,* 535 So.2d 573, 585 (Miss.1988)). Furthermore, Rule 9(b) of the Federal Rules of Civil Procedure dictates that the Plaintiff plead these matters "with particularity." Plaintiffs argue that the allegations in ¶¶ 18 and 20–24 of the Second Amended Complaint plead the elements of fraud with sufficient particularity. Although Plaintiffs' allegations do track the language of the elements of fraud, the Court finds that the allegations fall short of the requisite particularity. *See Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir.1997) (holding that "[p]leading fraud with particularity in this circuit requires 'time place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby' ").

■ Even if Plaintiffs have pled fraud with sufficient particularity, the fraud allegation fails to state a claim because it is based on a legal conclusion that the late fee charged by Defendants was illegal. Plaintiffs allege that they were defrauded by Defendants' service invoices, which Plaintiffs claim represented that the late fees were "proper and lawful." The alleged misrepresentation, therefore, was that the fee was legal. Plaintiffs fail to allege, however, how or why the fees were illegal in the first place. The allegation that the fees were illegal is conclusory, which is insufficient to avoid dismissal. *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) (citing *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278

(5th Cir.1993)). Since the allegation of fraud is dependent on the conclusory allegation of illegality, it too is conclusory and insufficient for the fraud exception to the voluntary payment rule to apply.

■■ Finally, Plaintiffs argue that they have pled sufficient facts for the mistake of fact exception to the voluntary payment rule to apply. While applying the Mississippi voluntary payment rule, this Court has held that when the payor is aware that he lacks insufficient information to allow him to determine how much he owes, he is merely ignorant of the facts, but has not made a mistake of fact sufficient for the mistake exception to apply. *Mobile Telecommunication Tech. v. Aetna Cas. and Sur.,* 962 F.Supp. 952, 955 (S.D.Miss.1997). This Court went on to state that "uncertainty about the facts, irrespective of the reason for such uncertainty, is not the equivalent of a mistake of fact." *Id.* at 956. Plaintiffs here argue that they lacked sufficient knowledge to determine the validity of the late payment fee or how the amount of the fee was determined. However, as stated above, insufficient knowledge of how to determine what one owes, when he is aware he lacks the knowledge, is mere ignorance of the facts, not a mistake of fact. Plaintiffs also argue that they were mistaken that the late fee was legal. Again, however, this is merely a conclusory assertion that presupposes the illegality of the fees. In any event, however, such a mistake is a mistake of law, not a mistake of fact.

As a final note on this issue, the Court recognizes that the Mississippi Supreme Court has held that the voluntary payment doctrine applies even where the payor attempts to reserve a right to recover amounts paid under protest. *Rowe v. Union Central Life Ins. Co.,* 194 Miss. 328, 12 So.2d 431, 433–34 (1943). Therefore, if Plaintiffs felt they should not have had to pay the late fee, they should not have paid it, because even paying the fee under protest would not save them from the voluntary payment rule.

For all of the above reasons, the Court accepts the argument advanced by Defendants that the voluntary payment rule bars Plaintiffs claims in this case. However, for the sake of completeness, the Court addresses the substantive counts of the complaint. Plaintiffs have failed to state a claim in any of the substantive counts of the complaint because each of Plaintiffs' claims is circular.

First, Plaintiffs make the conclusory statement that the late payment fees charged by Defendants were "impermissible or illegal" and that Defendants had no legal right to charge the fees. Next, Plaintiffs make the substantive allegations that Defendants committed misrepresentation, fraudulently suppressed information, breached their contracts with Plaintiffs, committed conversion, and were unjustly enriched. Plaintiffs also allege that the fees were "unlawful liquidated damages" or an unenforceable penalty. In another count they allege a claim for assumpsit for money had and received. Each of these allegations is based on the aforementioned legal conclusion that the fees were illegal or that Defendants had no legal right to charge the fees. The substantive claims themselves are, in turn, the only possible justification given for the claim that the fees were illegal. For example, Plaintiffs seem to argue that the fees were illegal because Defendants misrepresented the fact that the fees were illegal. Plaintiffs also allege that the fees were illegal because Defendants fraudulently concealed the fact that the fees were illegal. This demonstrates the circularity of Plaintiffs' logic.

■ The only one of Plaintiffs' claims that is arguably independent of Plaintiffs' legal conclusion is the claim that the fees were an unlawful or unenforceable penalty. However, the Court accepts Defendants' argument that the better rule of law is that there is no affirmative cause of action based on a claim of unlawful liquidated damages or penalty. Such a claim is merely a defense to enforcement of the penalty. *See Cowin Equip. Co. v. General Motors Corp.*, 734 F.2d 1581 (11th Cir. 1984); *Bennett v. Behring Corp.*, 466 F.Supp. 689 (S.D.Fla.1979); *Oliver v. Comcast Cablevision of Arkansas Inc.*, No. TO 97–6470 (Ark. Chancery Ct. Nov. 18, 1998); *Hassen v. MediaOne of Greater Florida, Inc.*, No. 98–02054–CA (Fla.Cir. Ct. Nov. 24, 1998); *Bernstein v. TCI Cablevision of St. Louis, Inc.*, No. 972–09276 (Mo.Cir.Ct. Sept. 9, 1998). Therefore the unlawful liquidated damages cause of action fails to state a claim upon which relief may be granted. Because Plaintiffs' breach of contract claim is based on the allegation that the fees were unlawful liquidated damages, the breach of contract claim also fails to state a claim.

Plaintiffs claims of conversion, money had and received, and unjust enrichment also fail to state claims. Those causes of action are based on an assertion that Defendants wrongfully possess Plaintiffs' money. However, the wrongful possession is allegedly due to the illegality of the late payment fees. In short, all of Plaintiffs' substantive claims are examples of bootstrapping.

■ The Court must finally address Plaintiffs claim for declaratory judgment and injunctive relief. This count of the complaint fails to state a claim because after dismissal of the substantive claims there is no underlying legal action upon which to Plaintiff may receive declaratory or injunctive relief. It is well settled that an injunction is a remedy. A claim for injunctive relief does not stand alone, but requires a viable underlying legal claim. The same is true for declaratory relief, the source of which in federal court is the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. *See Collin County, Texas v. Homeowners Assoc. for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir.1990) (holding that the Declaratory Judgment Act is "remedial only" and the party seeking declaratory relief must have an underlying cause of action).

**B. The Motion for Severance and Motion to Transfer of Defendant Cable One**

The disposition of the motions to dismiss renders the remaining motions filed by Defendant Cable One, that is the Motion for Severance and the Motion to Transfer, moot. Those motions are therefore dismissed.

### IV. Conclusion

For all the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by each Defendant is hereby granted. All of Plaintiffs' claims are hereby dismissed with prejudice.

IT IS THEREFORE FURTHER ORDERED that the Motion for Severance and the Motion to Transfer of Defendant Cable One are hereby dismissed as moot.

A separate final judgment will be entered this day in accordance with Rule 58 of the Federal Rules of Civil Procedure.