EDWARD K. WARREN, Respondent, *v.* CHRISTOPHER WINNE, Appellant.

(GENERAL TERM, SEVENTH DISTRICT, MARCH, 1870.)

An agreement to sell certain growing hops at so much per pound, and that they should be of first quality, held to intend harvesting and preparing the same for delivery as hops are usually prepared for marketing by weight.

APPEAL from a judgment for the plaintiff, entered upon the report of a referee, for the value of hops raised upon the defendant's farm, and for which the plaintiff claimed under an agreement to sell to his assignor. The facts are sufficiently stated in the opinion of the court. The case was submitted upon briefs, without oral argument.

*Benedict & Martindale,* for the appellant.

*George W. Miller,* for the respondent.

Present—JOHNSON, J. C. SMITH and DWIGHT, JJ.

By the Court—JOHNSON, P. J. The point made upon the trial, on behalf of the defendant, that the contract if made, as alleged, between the parties, was void by the statute of frauds, for the reason that it related to an interest in real property, is not now made, and is presumed to be abandoned.

LANSING—VOL. II.        27

It is now urged by the defendant's counsel, as it was before the referee, that the agreement if made in the terms shown by the evidence, was void for uncertainty. The agreement was verbal, and was made, as the referee finds, on the 25th of May, 1864, and related to the hops then growing on the defendant's farm. It was in substance as follows: The plaintiff's assignor asked the defendant if he would take fifteen cents per pound for his hops of the present season, to which the defendant answered he would. The plaintiff's assignees then said the hops must be of the first quality, and the defendant replied, yes. The former then took from his pocket book five dollars, and gave it to the defendant, saying that he gave it to bind the bargain. The defendant took the money, and has since kept it, without any offer to return it. I do not perceive any uncertainty about this bargain. It contains all the elements necessary to a valid agreement. Here are the mutual assent of two persons, competent to contract; a good and valid consideration; and a thing to be done by each of the parties. The subject of the contract, the thing to be done in reference to it, by each party, and the price, and all either distinctly expressed, or clearly implied in the terms used. It is claimed, that it does not appear from the terms, or scope of the contract, what the defendant was to do to be entitled to the price. But this is all implied in the agreement to sell at fifteen cents per pound, and that the hops should be of first quality. It was clearly a part of this undertaking, on the part of the defendant, to prepare his crop and put it in the same condition for delivery that such a crop is usually put in, when marketed by weight, as much so as though it had been expressed with the utmost detail and precision. The law will interpret it an agreement, to do whatever is usually done in the regular course of trade and dealing in that article, as there is nothing in the terms to take it out of the ordinary course. The presumption in such a case must be, that the parties mutually intended performance in the usual and customary manner. If the arrangement was sufficient, in point of terms and form, to amount to an agree-

ment, there can be no doubt that the payment and acceptance of the five dollars, rendered it valid and binding as to both parties.

The findings of fact, by the referee, are fully warranted by the evidence. He finds that the plaintiff showed the defendant his assignment, and demanded the delivery of the hops either at the premises of the defendant, or at some other point on the railroad as might be most convenient; and that the defendant refused to deliver the hops, or any part of them. There is no evidence that Van Valkenburg, before he assigned the contract, abandoned or rescinded it, or assented to its non-performance by the defendant.

The judgment must therefore be affirmed.

Judgment affirmed.