ROBERT P. HABGOOD, Plaintiff, *v.* VAN DYKE TAXI & TRANSFER, INC., and Another, Defendants.

Supreme Court, Erie County, February 21, 1927.

Pleadings — motion to strike out second cause of action based on agreement to settle claim for negligence — failure of agreement to recite amount of proposed settlement warrants order striking out cause of action.

In this action for negligence, a second cause of action set up in the complaint, based on the theory of the breach of an agreement to settle for injuries suffered by the plaintiff's wife, must be stricken out, where the alleged contract of settlement fails to show the amount agreed to be paid.

MOTION to strike out second cause of action based on contract of settlement of claim for negligence.

*Hamilton Ward,* for the plaintiff.

*Carlton E. Ladd,* for the defendant.

HORTON, J. The complaint in this action sets out a cause of action for negligently injuring plaintiff's wife, and alleges as a second cause of action that the parties undertook to settle the claim in negligence and " entered into a contract and agreement by which the defendants agreed to settle and compromise said cause of action with this plaintiff and to make a fair and reasonable settlement with the plaintiff for the damages sustained by his wife · * * * that he accepted such proposed settlement and so advised the defendant, and that as a part of such settlement plaintiff undertook not to place his claim in the hands of an attorney; " that plaintiff complied with the agreement until defendants repudiated it and refused to carry it out, to plaintiff's damage in the sum of $50,000.

Defendants move to strike out the second cause of action for not stating facts sufficient to constitute a cause of action.

Plaintiff argued that this is no different from a contract of hiring where the wages are not named or where the terms " fair and satisfactory " or " just and reasonable " are used, or from a contract of purchase where a person buys goods of a merchant with nothing said about the price; that here the defendants have settled the question of liability and undertaken to pay the damages, which must be liquidated either by agreement of the parties or, on their failure to agree, by judicial process.

The court cannot agree with plaintiff as to this. In contracts for hire or for sale of goods without a consideration or fixed price being named, it is presumed that a reasonable consideration or price is intended and the person who enters into such a contract for service or goods is liable therefor as on an implied contract. (*Varney* v. *Ditmars,* 217 N. Y. 223, 228.) Such contracts are enforcible because any uncertainty as to their terms can be removed by proof of the fair value of the services rendered or of the market value of the goods in question. When such uncertainty cannot be so removed, the contracts are held too indefinite and vague to be enforcible. (See *Adams* v. *Adams,* 26 Ala. 272; *Mackintosh* v. *Kimball,* 101 App. Div. 494.)

So here. The alleged contract of settlement lacks its most vital term, agreement as to the amount to be paid. This cannot be supplied by proof of reasonable value, as each case of this kind must stand upon its own facts, nor by proof that the parties were

later to agree upon it, for that manifestly leaves the alleged contract incomplete. The case seems to come squarely within the principle of *Reilly* v. *Barrett* (220 N. Y. 170) and *Larscy* v. *Hogan & Sons* (239 id. 298). In the latter case the court said (at p. 301): " As an agreement for a settlement at common law, the claim of the plaintiff would not be discharged or released until full and complete payment and execution. The agreement may have amounted to an accord but payment only would amount to a satisfaction. Until there were an accord and satisfaction of plaintiff's claim by full and complete payment, the plaintiff was not barred from maintaining his action for negligence."

Of course if plaintiff was not bound by the agreement for settlement, the defendant cannot be bound.

Motion to strike out second cause of action granted.