MAE WOOD, Appellant, *v.* ÆTNA LIFE INSURANCE COMPANY, Respondent.

Fourth Department, December 18, 1928.

*Fred J. Sisson* [*H. M. Hartness* of counsel], for the appellant.

*Kernan & Kernan* [*Warnick J. Kernan* of counsel], for the respondent.

SAWYER, J. On July 13, 1926, plaintiff was injured in an automobile accident under circumstances that would justify a jury in awarding her damages therefor against one Davis who was the owner and operator of the machine.

Defendant was Mr. Davis' insurance carrier and within two or three days its adjuster called upon plaintiff at a hospital in the city of Utica when, as she alleges, she agreed with him " not to do anything to Mr. Davis about " the accident upon defendant's promise that " they [it] would take care of it," would " settle the expense for you when we [it] know what they are " and pay her in addition something for her injuries.

On the second day of August following Mr. Davis died without plaintiff having made any claim for damages against him and any such claim she might have had, abated. After his death defendant repudiated the alleged contract and this action is brought to recover thereon. The trial resulted in a judgment of nonsuit without prejudice granted at the close of plaintiff's case and she appeals therefrom.

We are of the opinion that plaintiff's promise to refrain from

doing anything to Mr. Davis about the accident, *i. e.*, making any claim for damages against him, was a good and sufficient consideration for such an agreement and that if the contract is otherwise valid it may be enforced. The real attack made upon it is that it is void for uncertainty and, so far as it may relate to compensating her for her injuries, that is true. It contains no promise to pay any definite sum nor any method by which any definite amount to be paid therefor may be computed or ascertained. It is nothing more than an agreement to pay her at some time in the future an unmentioned sum of money. Recourse cannot be had to proof of reasonable value, as each case of this kind must stand upon its own merits and there is no market from which the reasonable value may be ascertained. Neither will proof that the parties were later to agree upon the amount avail for that unquestionably leaves the contract incomplete. (*Habgood* v. *Van Dyke Taxi & Transfer, Inc.*, 128 Misc. 884; affd., 220 App. Div. 801; *Mackintosh* v. *Kimball*, 101 id. 494; *Varney* v. *Ditmars*, 217 N. Y. 223; *Welden* v. *Frankfort General Ins. Co.*, 230 id. 546.)

Such a contract reaches the point where any attempt to give it life by construction would be futile. (*Cohen & Sons* v. *Lurie Woolen Co.*, 232 N. Y. 112, 114.)

Concerning the promise to pay plaintiff's expenses we reach a different conclusion. Manifestly that was a promise to pay the expenses of her illness occasioned by her accident, the moneys she was obliged to pay out for doctors, nurses, hospital, medicines and incidentals. While their amount was not known, and could not then be, it was capable of a precise and definite computation by a method within the contemplation of the agreement; that is, by, when her health was restored, reckoning the total sum of her expenditures therefor. There is no indefinitemess about this; it was susceptible of an accurate ascertainment. We are not dependent upon opinions as to market price or reasonable value but may determinine the obligation by a simple computation based upon definite amounts to be surely ascertained in the future. That is certain which may be rendered certain. (9 Cyc. 250; *Warren* v. *Winne*, 2 Lans. 209; *Shubert* v. *Angeles*, 80 App. Div. 625.) In principle it is really stronger than are contracts for hire or for sale of goods in which the consideration or fixed price is not named, where it is presumed that a reasonable consideration or price is intended and persons entering into them are held liable as on an implied contract. (*Varney* v. *Ditmars, supra*, 228.) From what has been said it follows that the amount of expense to which plaintiff was put presented a question of fact and should have been submitted to the jury for determination.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — CLARK, SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.