G. Sydney Shane, of Salamanca, N. Y., and Richard Dawson, of Olean, N. Y., for plaintiff.

Harold J. Adams, of Buffalo, N. Y. (Percy R. Smith, of Buffalo, N. Y., of counsel), for defendant.

## HARBOT v. PENNSYLVANIA R. CO.
### No. 975.

District Court, W. D. New York.

April 6, 1942.

KNIGHT, District Judge.

The defendant has moved to dismiss the third cause of action upon the ground that it fails to state a claim against the defendant upon which relief can be granted, and also for a bill of particulars with respect to the allegations in the first and second causes of action.

The third cause of action sets up injuries sustained through negligence of the defendant and also alleges that in consideration of plaintiff's refraining from bringing suit the defendant agreed that it "would pay to the plaintiff a sum of money which would reasonably compensate the plaintiff and make the plaintiff whole for said injuries sustained by him, and that in addition thereto defendant agreed that it would provide at its own expense proper, necessary and suitable hospitalization and medical care for the plaintiff * * * and the plaintiff agreed to accept from the defendant such sum as would reasonably compensate the plaintiff for such injuries and in addition thereto hospitalization and medical care * * * in full satisfaction * * *." It further alleges that defendant would pay the aforesaid sums when the extent of plaintiff's injuries could reasonably be determined, and in any event, before December 31, 1941.

It is further alleged that pursuant to this agreement the defendant advanced upon said sum to be paid the plaintiff payments of $200 each making a total sum paid by the defendant to the plaintiff of eight hundred dollars ($800) in pursuance of said

agreement, and further that the defendant provided the hospitalization and medical care agreed upon.

It is further alleged that the plaintiff, "with the full knowledge and consent of the defendant", purchased certain lands for the sum of thirty-nine hundred dollars ($3,900); that the defendant approved such purchase and "agreed to furnish the plaintiff the money with which to pay said contract price as a part of the said sum which defendant had agreed to pay as aforesaid"; that plaintiff paid a substantial sum on the aforesaid purchase price and took possession of the premises; that thereafter, defendant notified plaintiff that it had repudiated the agreement aforesaid.

This cause of action presents an unusual statement of claim. It is clear from the authorities that the single allegation in said complaint in substance or to the effect that in consideration of the plaintiff's refraining from instituting suit the defendant "would pay to the plaintiff a sum of money which would reasonably compensate the plaintiff and make the plaintiff whole for said injuries sustained by him" would be an unenforceable agreement and such a pleading would be insufficient. It is too vague, indefinite and uncertain and does not state a cause of action. Williston on Contracts, Vol. 1, § 45; Duncan v. Thompson, Trustee, 62 S.Ct. 422, 86 L.Ed. ——, decided January 12, 1942; St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 235 N.Y. 30, 138 N.E. 495; Habgood v. Van Dyke Taxi & Transfer, 128 Misc. 884, 220 N.Y.S. 454, affirmed 220 App.Div. 801, 222 N.Y.S. 815; Varney v. Ditmars, 217 N.Y. 223, 111 N.E. 822, Ann.Cas.1916B, 758. "There is no contract so long as any essential element is open to negotiation." Petze v. Morse Dry Dock & Repair Co., 125 App. Div. 267, 109 N.Y.S. 328, 331, affirmed 195 N.Y. 584, 89 N.E. 1110.

In Habgood v. Van Dyke Taxi & Transfer, supra, to which particular attention is directed by counsel on both sides, the agreement provided that the defendants "agreed to settle and compromise said cause of action with this plaintiff and to make a fair and reasonable settlement with the plaintiff for the damages sustained by his wife." This case involved no specific items, the cost of which could be definitely fixed. In a more recent case, Wood v. Aetna Life Insurance Co., 224 App.Div. 628, 232 N.Y.S. 53, 55, the Court held that the agreement contained no promise to pay any definite amount for the injuries nor any method by which any definite amount to be paid could be computed or ascertained, but held the agreement good as to the expenses of the illness. The Court there said: "There is no indefiniteness about this; it was susceptible of an accurate ascertainment." Here the provision for the payment of comparable expenses is alleged as "in addition" to the provision as to compensation.

It seems to me that the allegations with respect to the $200 payments and the real property purchase both refer back to the clause that the defendant "agreed with the plaintiff that it would pay a sum which would reasonably compensate the plaintiff" for the injuries. Under such a state of facts, the pleading must stand or fall upon the question of whether the allegation that the defendant would pay the plaintiff "a sum of money which would reasonably compensate the plaintiff" is an unenforceable agreement, and that plaintiff can recover nothing further on this alleged cause. It seems to me that it comes within the cases and authorities above cited and sets up an unenforceable agreement.

In the instant case the plaintiff has set out two other separate causes of action under which he seeks to recover for the injuries sustained. The fact, if proved, that the defendant agreed to do certain things in settlement may be shown in these other causes of action as admissions. The plaintiff may set up inconsistent causes in a pleading, but, it may be added, such here leads only to confusion in the trial.

Motion to strike the third cause is granted.

Defendant moves for a bill of particulars. This motion is unopposed and is granted.