ESTHER R. HOVER, Respondent, *v.* NATIONAL GRANGE INSURANCE COMPANY, Appellant.

Third Department, December 27, 1963.

*Oliver, Scully & Delaney* (*John J. Scully* of counsel), for appellant.

*Connor, Millman & Connor* (*William E. J. Connor* of counsel), for respondent.

TAYLOR, J. The defendant appeals from a judgment of the Supreme Court entered upon a jury verdict in favor of plaintiff and from the order denying its motion to set aside the verdict upon all the grounds specified in section 549 of the Civil Practice Act except insufficient damages.

On August 25, 1957 plaintiff was injured in a fall which occurred on premises in Columbia County owned by the Claverack Grange which were then covered by a standard policy of liability insurance issued by defendant which also included a provision requiring it to pay all reasonable medical expenses incurred within one year from the date of the accident by a person who sustained bodily injury arising out of the ownership, maintenance and/or use of the premises.

After an action to recover damages for personal injuries had been barred by the time limitations contained in subdivision 6 of section 49 of the Civil Practice Act plaintiff sued the defendant insurer in separate causes of action, the pleaded theory of the first of which is that in reliance on allegedly false and fraudulent representations made during the years 1958 and 1959 by a claim adjuster employed by defendant to the effect that her claim for personal injuries "would be adequately adjusted and paid" plaintiff was induced to forego its prosecution by action against the insured. It is alleged in the second cause of action that defendant through the same representative entered into a contract with plaintiff to adjust and pay all damages for personal injuries, pain and suffering resulting therefrom and expenses incurred in connection therewith in consideration of her implied agreement to forbear the institution of a suit against the owner of the premises to recover like damages. Following a trial in which proof of the factual circumstances surrounding the accident was received and medical evidence adduced as to the nature and extent of plaintiff's injuries, the jury found for defendant on the fraud count of the complaint and in the action for breach of contract returned a verdict in favor of plaintiff in the sum of $15,000.

The evidence was not in substantial dispute. It appears that beginning shortly after the accident and continuing for approximately one and a-half years a claimsman of defendant visited plaintiff at her home on 8 or 10 occasions during which he made inquiries about plaintiff's injuries and for the period of the first year received from her and processed under the medical payment provision of the policy bills totaling $278; thereafter he indicated that the company could no longer pay her medical expenses and " that when they made their final settlement that they would pay all the rest of the bills." He also stated that

the company "would settle with her when she was ready" and that he intended thereby to indicate that the settlement would comprehend payment for "pain and suffering, doctors [sic] bills and everything". It is conceded that during these conversations the amount of the settlement was not discussed and that no demand for the payment of any sum other than that required to liquidate her medical expenses was made by plaintiff.

The visits of the adjuster ceased in March, 1959 and the next communication between the parties was by way of a telephonic conversation in late August or early September, 1960 during which plaintiff for the first time submitted a definitive demand of $5,000 to settle her claim; the adjuster regarded the amount to be excessive and submitted a countering proposal of $200 which plaintiff declined to accept; at the same time according to plaintiff's testimony he informed her that the Statute of Limitations had run against the claim.

In our view the agreement of settlement which the jury has found to have been consummated by the parties was void for uncertainty. The negotiations never achieved finality as to the amount of the settlement and thus left open to future bargaining this vital element of the contract; in effect nothing more than an agreement to make a future agreement was culminated. The fatal omission was not supplied by resort to a jury's evaluation of plaintiff's injuries and damages. There is neither allegation nor proof that this procedure was within the contemplation of the parties; nor did their negotiations provide any other method by which the amount to be paid in settlement would be computed or ascertained. In these circumstances neither party was bound and the transaction was destitute of legal effect. (*St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.*, 235 N. Y. 30, 36; *Ansorge* v. *Kane*, 244 N. Y. 395; *Willmott* v. *Giarraputo*, 5 N Y 2d 250, 253; *Wood* v. *Ætna Life Ins. Co.*, 224 App. Div. 628; *Briefstein* v. *Rotondo Constr. Co.*, 8 A D 2d 349, 350; *Brause* v. *Goldman*, 10 A D 2d 328, 332, affd. 9 N Y 2d 620.)

Nor do we perceive any basis in the record to justify the respondent's contention that the defendant assented to a departure from the application of the well-known principles of the law of contract. The denial in the answer of the subsistence of the agreement alleged which, of course, was procedurally proper and the pretrial demand for a particularization of the plaintiff's claims support no such thesis. The evidence of the plaintiff's injuries and damages educed at the trial without objection may well have been admissible in the action for fraud. The failure of the defendant to except to the charge

of the trial court is not of estoppel significance since the cause of action for breach of contract should have been dismissed on the defendant's motion for a nonsuit at the end of the plaintiff's case.

The judgment and order should be reversed, on the law and the facts, and the complaint dismissed, without costs.

GIBSON, J. (dissenting). The complaint alleges, so far as here pertinent, that the parties entered into an agreement whereby plaintiff impliedly agreed to forbear and forfeit her legal cause of action against the owner of the premises where she fell, and defendant, in consideration thereof, agreed " to pay for all damages, bills incurred, pain and suffering ". Due and complete performance by plaintiff and partial performance by defendant are alleged.

The agreement attributed to defendant was made, according to plaintiff's version, by a claims adjuster who testified upon pretrial examination and upon the trial itself. He said that he reported to the defendant insurer that the insured was liable; that he visited plaintiff on a number of occasions; that during the period the defendant increased its reserve from $1,000 to $2,500; that he told plaintiff that the company was willing to settle with her; that he told her that he would settle with her; that he was not talking about medical payments, but " about the entire case ". Asked if he was talking about " liability, pain and suffering, doctors' bills and everything ", he replied, " Anything involved."

Appellant now asserts that the agreement was invalid because the amount to be paid was not specified but, at all times prior to this appeal, the parties proceeded upon the theory that the amount was that of the value of plaintiff's pain and suffering and special damages. The amended answer, so far as material to these allegations, interposes denials only; and defendant demanded and received a bill of particulars of plaintiff's injuries and special damages, all as customarily demanded and supplied in actions requiring the evaluation of personal injuries. The court charged the jury as to the elements necessarily to be proven in order to establish the contract alleged and, with respect to damages, reviewed the medical testimony and said: " In this case, if you determine to award the plaintiff damages, she is entitled to an award to compensate her for the pain and suffering which she endured, for any pain and suffering which she may at the present endure and any pain and suffering that she may endure in the future, if you determine that her injury or injuries are permanent in character."

To these instructions no exception was taken; at no time was objection interposed to the measure of damage employed on the trial and subsequently charged; plaintiff and her physician were examined as to plaintiff's injuries and were cross-examined at length; and neither on defendant's motion to dismiss at the end of the plaintiff's case nor on that at the close of the evidence was reference made to the method of proof of damage or to the supposed necessity, urged for the first time upon this appeal, that the agreement fix the amount to be paid or be held void for uncertainty. Clearly, the basis upon which both parties chose to proceed and upon which the case was, without objection, submitted to the jury cannot now be properly attacked.

Unavailing, also, is appellant's contention that its adjuster was without authority; appellant having accepted the benefits of the agreement which, as the jury found, was completely performed by respondent.

The judgment and order should be affirmed.

HERLIHY and REYNOLDS, JJ., concur with TAYLOR, J.; GIBSON, J., dissents, in an opinion, in which BERGAN, P. J., concurs.

Judgment and order reversed, on the law and the facts and complaint dismissed, without costs.