COFER, Justice,
for the Court.
Appellees Ceola Ward and others, tenants in common with each other and with the defendants, filed a bill of complaint in the . Chancery Court of the Second Judicial District of Hinds County, for partition of certain property in accordance with a 1971 survey of the lands involved, followed by an agreement among the majority of the tenants in common that the four parcels arrived at in the survey would be allotted to the parties as set out in the bill of complaint. Only appellant Oscar Allan Rogers, Jr., of the cloud of defendants, answered the bill of complaint, (as amended to set out more perfectly the parties to the suit). He, by cross bill, prayed partition of the land as sought in the original bill as amended; that, the tract thus awarded to him being *MCXXXIV landlocked, the partition decree “confirm [his] easement by prescription and implication as herein alleged and establish the dimensions and course of said easement, and that this court will permanently enjoin the cross-defendants and/or their agents from any acts of interference with [his] use of said easements.”
The chancellor heard proof on the issue of appellant’s ingress and egress, after which she entered decree partitioning the land as prayed, and granted to appellant an easement for ingress and egress “from the West side of Tract 1 [that allotted to appellant] described above to the south side of Tract 2 described above leading to a field road known as the Spring Road. . . . ”
Cross complainant Rogers has appealed therefrom and here assigns as error the following:
1. The lower court erred in failing to allot to cross-complainant an easement across tracts two, three and four of the partitioned land. '
2. The lower court erred in denying cross-complainant’s motion for decree pro confes-so.
3. The lower court erred in denying cross-complainant’s motion for the appointment of commissioners.
4. The lower court erred in denying cross-complainant’s motion for a view.
The land involved was so partitioned that appellant took the eastern parcel, numbered one, tenants not taking a part in the litigation were awarded parcels 2 and 3, and appellees were awarded the western tract numbered 4. Appellant claimed an easement by prescription across the three tracts from which he would have, at some place not clear in the record, access to a public road. There was testimony that the course he contended for had been used from time to time as an accessway to the tract awarded to him. There was other testimony that a route was taken now and then from the west boundary of tract one into tract 2 and southerly to what also appears to be a private road ultimately leading to a public road.
As noted above, the chancellor decided that the southerly route was proper to be granted. This conclusion was arrived at on conflicting testimony and we are unable to say her decree is without substantial basis in the testimony or that it was contrary to the overwhelming weight of the evidence. Richardson v. Riley, 355 So.2d 667, 668 (Miss.1978), and decisions therein cited.
Of course, appellant’s contention that a prescriptive easement had been acquired is untenable. Mississippi State Highway Commission v. Morgan, 248 Miss. 631, 160 So.2d 77, 79 (1964).
We accordingly affirm the chancellor’s decision as against this assignment of error.
We believe that all parties herein are entitled to know the width and route of this easement, and we modify the chancellor’s decision so as to remand the case for that further action. If the chancellor cannot do so without the help of a surveyor, master, or commissioners, then such aid should be enlisted for the purpose.
We are of the opinion that appellant was not prejudiced by the court’s failure to act on his motion for degree pro confesso, and that whether the view by the chancellor would be accomplished was a matter addressed to her discretion.
We modify the court’s decree as above provided, and affirm it as thus modified.
MODIFIED, AFFIRMED AS MODIFIED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.