349 So.2d 529 (1977)
James Rogers SMITH, III
v.
Stephanie Cortner SMITH.
No. 49500.
Supreme Court of Mississippi.
August 31, 1977.
*530 Jacobs, Griffith & Povall, Charles C. Jacobs, Jr., Cleveland, for appellant.
John L. Hatcher, Hatcher & Westerfield, Cleveland, for appellee.
Before PATTERSON, C.J., SUGG and BROOM, JJ., and NEVILLE, C.
WILLIAM NEVILLE, Commissioner, for the Court:[1]
This matter was tried in the Second Judicial District Chancery Court of Bolivar County upon petition of Stephanie Cortner Smith (appellee) for injunctive relief and modification of a prior decree, et cetera, and upon the answer and crossbill of James Rogers Smith, III (appellant). Mr. Smith appeals and Mrs. Smith cross appeals from the decree of the lower court. We reverse in part and affirm in part.
A divorce was granted to Stephanie Cortner Smith on June 26, 1973, from the appellant, James Rogers Smith, III. Prior to said decree, appellant and appellee entered into a written agreement requesting the chancery court to incorporate the terms and provisions thereof in its final decree, which was done. Under terms of this written agreement, appellant was to pay appellee $1400 per month ($800 child support, and $600 alimony). As security for payment of the alimony and child support, appellant assigned to appellee by assignment dated June 29, 1973 the proceeds of two trusts (the J.R. Smith Trust and the Sarah George Smith Trust) established by his parents, wherein appellant and his sister were named beneficiaries.
In October 1974, by agreement among trustees and beneficiaries of the two trusts, appellant was made sole beneficiary of the J.R. Smith Trust and his sister sole beneficiary of the Sarah George Smith Trust. All of the assets of the J.R. Smith Trust were transferred to the Sarah George Smith Trust in exchange for payment by the Sarah George Smith Trust to the J.R. Smith Trust the sum of $312,759. This consideration was in the form of three promissory notes: one payable December 5, 1974, in the amount of $30,000; a second payable January 2, 1975, in the amount of $32,759; a third in the amount of $225,000, bearing eight percent interest, payable in ten annual installments of $26,286, beginning on December 30, 1975, and subsequent payments due on the 30th day of December of each year until final payment on December 30, 1984. These notes then constituted the corpus of the J.R. Smith Trust.
At the time of the transfer of these trust assets and the receipt of the notes, an amendment to the agreement assigning security for payment of appellant's child support was signed by appellee and appellant. This amendment read as follows:
NOW, THEREFORE, the said James R. Smith, III, as Trustee of the James R. Smith Trust, and individually, does hereby transfer, assign and deliver to Stephanie Cortner Smith any funds which he may receive as beneficiary of the aforesaid trust created by the aforementioned trust agreement, as security for the payment of the alimony and child support described in the original Assignment dated June 29, 1973. After application of said funds to the payment of the aforesaid alimony and child support, the remainder thereof shall be paid to James R. Smith, III, as previously provided, and this additional Assignment shall have no effect on the powers and rights of James R. Smith, III, as Trustee, and is given solely as security for the payment of the aforesaid alimony and child support.
The promissory note of $225,000 was delivered to the Cleveland State Bank for collection pursuant to a "receipt and agreement" wherein the Cleveland State Bank acknowledged receipt of said note for collection and agreement to abide by the terms of the said October 12, 1974, agreement. This instrument signed by the Cleveland State Bank stated, "the assignment as security for the *531 payment of alimony and child support is intended to provide security for said period of ten years." The instrument signed by the Cleveland State Bank further stated that in the event of prepayment, the bank would hold said sum for a period of time to give appellee and her attorney an opportunity "to work out an arrangement for investment of said sum for the J.R. Smith Trust so as to provide security for the intended period of time  or seek relief in court."
The instrument signed by the Cleveland State Bank further stated:
No funds collected by the Cleveland State Bank in payment of said note shall be paid or distributed to James R. Smith III, individually or as Trustee of James R. Smith Trust, if any of the aforesaid installments of alimony and child support are due and unpaid.
The original J.R. Smith Trust stated in paragraph III(b)(2):
If the Grantor's said son should predecease him or should die before the terms of this trust with issue of his body him surviving, then such issue or descendants of such issue, shall succeed to the son's... interest per stirpes... .
In other words, if the appellant should die before the expiration of the ten year period and before payment of the ten annual note installments is made, that part remaining unpaid would go to the issue of appellant's body according to the original trust.
The agreement signed by appellant and appellee was security for payment of alimony and child support, but nothing therein could be construed to be agreement to bind any assets for future payments of alimony and child support should appellant die. In other words, this was no agreement for the payment after death, only security for payment while legally due. It is true that there was some language in the instrument signed by the Cleveland State Bank indicating otherwise, but this was in no way binding on appellant. The assignment could be effective only as long as the appellant was alive, and only gave protection up to ten years, the time in which payments of the note were to be made.
In May 1975 appellee sought modification of the original divorce decree and injunctive relief. After hearing on the petition, the lower court made certain modifications of the original final decree, including:
The final decree rendered on June 26, 1973, is hereby specifically modified to provide that alimony and child support payments shall not terminate by reason of the death of the defendant, but that they shall continue to be a charge against his estate... .
The law of this state is (and always has been) that child support and alimony terminate upon the death of the father unless by written agreement he has made the same binding on his estate. Bunkley and Morse's Amis, Divorce and Separation in Mississippi, §§ 6.07, 9.00 (1957). This Court does not consider the said agreement and assignment signed by appellant and appellee to be of such a nature. We make no ruling as to what should happen to any unpaid payments on said note should appellant die before the expiration of the ten years.
Therefore, the chancellor's ruling that assignment and security agreement would be binding after death of the appellant is and should be reversed.
As to the remainder of the chancellor's finding, this Court affirms finding no error therein.
REVERSED IN PART, AND AFFIRMED IN PART.
PATTERSON C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.