HAWKINS, Chief Justice,
for the Court:
DIRECT APPEAL
On September 12,1991, the chancery court of the first judicial district of Carroll County entered a judgment granting Betty Grant-ham Hardin (Mrs. Hardin) a divorce from Robert H. Hardin, Jr. (Hardin), and awarding her periodic alimony of $760 a month.
Following their divorce she sought to take out an insurance policy on his life with herself as beneficiary, she paying all premiums. At first he agreed, apparently under the assumption that the policy was simply to protect her alimony, and she would be paid $750 per month in event of his death. Upon learning that she wanted it “lump sum,” he refused to undergo a medical examination preparatory to issuance of a policy.
On October 31, 1991, she filed a motion to require him to undergo a physical examination.
After a hearing the court entered a judgment directing him to submit to a medical examination for a $200,000 policy, based upon the court’s finding that such requirement would cause Hardin minimal inconvenience.
He has appealed.

LAW

The judgment for divorce is not a part of the appeal record, but the parties agreed and the court noted that Mrs. Hardin’s award was “periodic alimony” in the judgment for divorce. There is no suggestion anywhere but that the alimony award was simple periodic alimony.
By definition periodic alimony ceases upon the death of a husband or remarriage or death of the wife. Boykin v. Boykin, 666 So.2d 1109, 1112 (Miss.1990); Wray v. Wray, 394 So.2d 1341, 1344 (Miss.1981); Smith v. Smith, 349 So.2d 529, 531 (Miss.1977). Neither Hardin nor his estate being obligated to provide for any alimony after his death, he was under no obligation subsequent to the divorce to assist her in obtaining a life insurance policy on his life with her as beneficiary.
We agree with the chancellor that for Hardin to submit to a medical examination would *1371 have caused only a small inconvenience. The test, however, is whether any court was authorized to require him to do or perform any act beyond making alimony payments, albeit insignificant. No such authority existed.
Following the judgment for divorce in this ease, any provision Hardin chose to make on securing life insurance was totally gratuitous. The court had no authority to require him to do so.
On direct appeal, judgment for Mrs. Hardin is reversed, and judgment is entered here for Hardin.

CROSS-APPEAL

On cross-appeal, we affirm the chancellor’s award of attorney’s fees to Hardin.
REVERSED AND RENDERED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.