862 So.2d 1290 (2004)
Rocky Sheldon McCARDLE, Appellant,
v.
Mary Sylvest McCARDLE, Appellee.
No. 2002-CA-00608-COA.
Court of Appeals of Mississippi.
January 13, 2004.
*1291 Renee M. Porter, for Appellant.
Robert R. Marshall, Hattiesburg, for Appellee.
Before KING, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. In 1999, Rocky and Mary McCardle agreed to an irreconcilable differences divorce and consented to the division of their marital assets by the chancellor, pursuant to Mississippi Code Annotated Section 93-5-2. The chancellor entered a judgment that awarded Mary $24,000 for her share of the equity in the marital home, monthly alimony of $350 until Mary received funds representing her share of the marital residence, $26,000 from Rocky's retirement account, and ordered Rocky to maintain Mary's medical insurance to the maximum extent allowed by COBRA.
¶ 2. Rocky then filed a motion to reconsider claiming that the amount he was ordered to pay was excessive and would cause him financial hardship. Rocky claimed he would have to sell the home in order to meet his obligations. He also asserted that compliance with the court's order would leave him without the necessary funds to support the couple's minor child. The chancellor denied Rocky's motion for reconsideration.
*1292 ¶ 3. Two months later, Mary filed a petition for contempt and enforcement of the chancellor's judgment. Mary asserted that Rocky had failed to pay the monthly alimony or maintain medical insurance, and she asked for an award of attorney's fees. Rocky admitted he had not complied with the terms of the court's order. However, Rocky argued that he was unable to comply with the judgment because he had been injured and was living on workers' compensation benefits. Rocky claimed this was a material change in circumstances that warranted a modification.
¶ 4. At the hearing, Rocky testified about his injury and the reduction in his income. His income had been reduced to $1,500 a month. Rocky also testified that he had $16,000 in savings and $35,000 in his IRA account. Rocky admitted that he did in fact have the ability to pay what he owed under the judgment.
¶ 5. The chancellor entered a judgment against Rocky awarding Mary unpaid alimony in the amount of $3,150, unpaid insurance (COBRA) premiums in the amount of $6,732, and attorney's fees in the amount of $750. The chancellor also ordered Mary to pay Rocky child support in the amount of $100 a month, which was a departure from the statutory guidelines.
¶ 6. Rocky appealed, asserting the chancellor erred in refusing to grant him a modification of the alimony and insurance award. He claimed the chancellor erred by finding him in contempt, despite the proof that he was unable to comply with the court's judgment. Rocky also asserted that the chancellor erred in failing to follow the statutory guidelines in awarding child support.
¶ 7. Shortly following the filing of his brief, Rocky was killed in an automobile accident. Thus, the issues we must consider on appeal have changed. We examine the following issues: whether the chancellor erred in awarding the judgment against Rocky for unpaid alimony and the unpaid insurance premiums, and can Mary collect these amounts against Rocky's estate. As Mary is now the child's only parent, we find the issue of child support to be moot.

STANDARD OF REVIEW
¶ 8. Our scope of review in domestic matters is limited. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994). This Court is not called upon or permitted to substitute its collective judgment for that of the chancellor. Richardson v. Riley, 355 So.2d 667, 668-69 (Miss.1978). A conclusion that we might have decided the case differently, standing alone, is not a basis to disturb the result. Id.

ANALYSIS
I. Whether the chancellor erred in finding Rocky in contempt and awarding Mary a judgment for unpaid alimony and insurance premiums.
¶ 9. Parties cannot "without sanction of the Court, decide when or how [they] will comply with court judgments." Smith v. Smith, 545 So.2d 725, 727 (Miss. 1989). All orders, judgments and decrees commanding the payment of alimony, attorney's fees and expenses of litigation, temporary alimony, child support payments, as well as orders including child custody and visitation rights may all be enforced by an action for contempt against the offending party. See Brown v. Gillespie, 465 So.2d 1046, 1048 (Miss.1985).
*1293 ¶ 10. Civil contempt is the "willful" refusal of the party to comply with the order, rather than the inability, which is the focus of contempt proceedings in divorce and alimony cases. Newell v. Hinton, 556 So.2d 1037, 1039 (Miss. 1990). The party subjected to alimony and support payments must live economically and make the ordered payments. Sappington v. Sappington, 245 Miss. 260, 265, 147 So.2d 494, 496 (1962). A failure to do so is punishable by contempt. Id.
¶ 11. The case for contempt in based on prima facie evidence of failure to comply. Newell, 556 So.2d at 1039. A party may, however, exonerate the contempt citation on proven grounds of inability to pay. Id. The evidence must be particular and not cast in general terms alone. Hopton v. Hopton, 342 So.2d 1298, 1300 (Miss.1977). A failure to show the inability to comply with the court order will cause a party to fail in his defense against a contempt citation. Id.
¶ 12. Rocky worked from the time of the divorce until March of 2000. During his employment, Rocky did not make the required alimony payments. In March of 2000, a judgment was entered against Rocky to pay Mary $7,000 in past due alimony. Rocky paid $3,500 of this amount. Mary petitioned the court to enter a judgment against Rocky to enforce payment of the balance.
¶ 13. Rocky only paid three months of Mary's insurance premiums. Mary petitioned the court for an award of $6,732, which was the total amount of the insurance premiums Rocky failed to pay.
¶ 14. Rocky's defense was inability to pay. Rocky testified that he could not make these payments because he was injured, living on workers' compensation benefits and unable to work. On cross-examination, however, Rocky admitted that he had $16,000 in savings and $35,000 in his IRA account. Rocky also testified that he had the ability to pay Mary but offered no reason why he could not pay.
¶ 15. The evidence indicated that Rocky simply chose not to pay the court ordered alimony and insurance premiums. Rocky's own testimony refuted his defense of inability to pay. Therefore, we find no error in the chancellor's finding of contempt and affirm the judgments entered against Rocky.
II. Whether the judgments against Rocky for unpaid alimony and insurance premiums can be collected against Rocky's estate.
¶ 16. Under Mississippi law, periodic alimony becomes fixed and vested on the date in which the payment is due and unpaid. Lewis v. Lewis, 586 So.2d 740, 742 (Miss. 1991); Bowe v. Bowe, 557 So.2d 793, 795 (Miss.1990); Rubisoff v. Rubisoff, 242 Miss. 225, 235, 133 So.2d 534, 537 (1961). More importantly, a court cannot give relief from civil liability for any payments that have already accrued. Id.; Rainwater v. Rainwater, 236 Miss. 412, 420-21, 110 So.2d 608, 611 (1959). Thus, past due and unpaid domestic obligations may be collected as charges against the estate of the deceased spouse. Creekmore v. Creekmore, 651 So.2d 513, 515 (Miss. 1995).
¶ 17. Thus, we find that Mary may collect the judgments entered against Rocky for contempt from his estate. However, the estate is not liable for any alimony or insurance payments which have yet to become due, as such obligations terminated upon Rocky's death. See Smith v. Smith, 349 So.2d 529, 531 (Miss.1977) (All unperfected or not yet matured obligations for the payment of alimony will terminate automatically upon the death of the spouse liable for such alimony and may not be *1294 collected from the estate of the deceased spouse).
III. Whether the chancellor erred in not following the statutory guidelines for child support.
¶ 18. Upon the death of either parent, the survivor is entitled to the custody of the children born to that marriage. Miss.Code Ann. § 93-13-1 (Rev.1994). Since Mary will now have custody of the child, she will be solely responsible for his support. Therefore, the issue of child support is moot.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED CONSISTENT WITH THIS OPINION. STATUTORY DAMAGES AND INTEREST ARE AWARDED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.