Lowndes Cooperative Association (AAL) *v.* Lipsey.

No. 41680          January 30, 1961          126 So. 2d 276

*Burgin & Gholson,* Columbus, for appellant.

*William J. Threadgill, Dewitt T. Hicks, Jr.,* Columbus, for appellee.

ETHRIDGE, J.

This case involves a question of the legal sufficiency of a consideration to support a retirement agreement of an employee. Appellee, R. L. Lipsey, brought this action in the Circuit Court of Lowndes County against Lowndes Cooperative Association (AAL) (called "Cooperative"), a corporation, to recover the retirement

payments alleged due him up to that time from the defendant. The jury found for plaintiff in the amount of $1,795.00.

Some of the facts are in dispute, but, in view of the jury's verdict, we state the essential facts which the jury was warranted in finding. Lipsey worked for the Cooperative for thirty-one years as its general manager. It is a retail outlet selling primarily farm seed, fertilizer, and insecticides. Two or three years before 1958, Lipsey suffered a "stroke", but subsequently returned to work. For several years the Cooperative had been operating at a deficit, and apparently there was some dissatisfaction among the members of the board of directors with its management. Lipsey served as the secretary of the board of directors, but was not present at a meeting of the board on June 6, 1958, at which the board decided that Lipsey should be relieved of his duties as manager, effective June 30, 1958, and should be paid certain retirement payments for the succeeding thirty months "provided he cooperates with the board of directors and the new management."

The board of directors held another meeting the next week, June 13. Its minutes stated that the meeting was called "for the purpose of offering the manager, R. L. Lipsey, a retirement plan.

"This plan is, Manager Lipsey is to be relieved of duty on August 1st, but to continue drawing his salary of $265.00 for the next 6 months. At the end of the 6 months he is to be paid $100.00 per month for 24 months. The manager is to be free to do any work as he pleases, but asked to cooperate with new management when necessary.

"The manager agreed to this plan, and as there was no other business the meeting was adjourned at 8:30 o'clock."

The minutes of this meeting were signed by the president of the corporation, and subsequently were placed

and kept in the minute book. Lipsey was employed on a yearly basis, with the current contract ending June 30, 1958.

Lipsey was somewhat reluctant to accept retirement, but, in view of the offer made by the board of directors, he finally accepted it, and did not attempt to encourage any active opposition to the board's action among his friends in the county who were members of Cooperative. A new manager, Taylor, was employed and started working on July 1. Lipsey went to the place of business every morning for about an hour and a half, over a period of two months. He cooperated with the new manager, showing him where various records and inventory were, and otherwise assisted in the indoctrination of the new management.

In September or October 1958 Lipsey opened a small garden seed store in Columbus, selling small quantities of garden seeds and supplies. Its inventory has a wholesale value of about $500, whereas the wholesale value of the stock at Cooperative is about $40,000. Cooperative sells wholesale to farmers and other commercial operations, and Lipsey's business is not in competition with that of Cooperative. However, in October the Board of Directors of Cooperative terminated the retirement payments to appellee.

Apparently Cooperative made its promises to Lipsey to pay him the retirement benefits for several reasons: To provide for him during the interim between termination of employment and the time he would be eligible for social security benefits; to prevent any objection to Lipsey's discharge from appellee's friends who were members of the Cooperative; and to obtain his cooperation in developing a new manager. Lipsey accepted this offer and retired voluntarily. He refrained from raising any objections among members of Cooperative to the action of the board of directors. He went to its place of business for about an hour and a half a day for two months to assist the new manager in getting accus-

tomed to his job. The latter had had only slight experience in operating a county cooperative.

Appellant's witnesses testified, in substance, that the the board of directors decided to discharge Lipsey, but offered the retirement plan to him if he would cooperate with the new manager; the retirement payments were really a contribution or gift to Lipsey, and there was no contract with him about it. Taylor admitted that, before the suit was begun, he stated appellee's business was very small and really not in competition with Cooperative. He admitted that appellee helped him out some in July, and he had a lot to learn about the business.

Appellant contends: (a) The retirement promises set forth in the minutes of June 13th were mere gifts to appellee, and there was no consideration for them; (b) If there were, the promises would be for past services, which would be legally insufficient; (c) Even if there were a contract, payments were conditioned upon appellee's cooperation with appellant, and he violated that condition by going into a competitive business.

A. L. I., Restatement of the Law of Contracts, Sec. 75, defines consideration as follows: ''(1) Consideration for a promise is (a) an act other than a promise, or (b) a forbearance, or (c) the creation, modification or destruction of a legal relation, or (d) a return promise, bargained for and given in exchange for the promise.''

■■ ■ Within the terms of this definition, there manifestly is legal consideration to support an obligation of appellant to pay the retirement benefits to Lipsey, as described in the resolution of June 13. Lipsey accepted the offer of Cooperative to retire. He retired without any active opposition from himself or his friends who were members of the organization. Furthermore, he gave a return promise to cooperate with the association, and the jury was warranted in finding that he did. He spent some time each day for about two months at Co-

operative advising and assisting the new, inexperienced manager in lining up details of his new job.

Hence there were several legally sufficient considerations to support appellant's promise to pay the retirement benefits, and to make it a binding obligation: A promise to cooperate, the act of retiring without objection, and the acts of advising and assisting the new manager. So there were forbearance, a return promise, and acts in accord with the agreement other than the promise. A benefit to the promisor or detriment to the promisee is sufficient consideration for a contract. This may consist either in some interest, right, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other. 12 Am. Jur., Contracts, Sec. 79; Magee v. Catching, 33 Miss. 672 (1857); Byrne v. Cummings, 41 Miss. 192 (1866); Miller v. Bank of Holly Springs, 131 Miss. 55, 65-66, 95 So. 129 (1922); Martin v. Dixie Planing Mill, 199 Miss. 455, 462-4, 24 So. 2d 332 (1946); Smaller War Plants Corporation v. Queen City Lbr. Co., 200 Miss. 627, 642, 27 So. 2d 531 (1946); Estate of Sadler v. Lee, 232 Miss. 349, 98 So. 2d 863 (1957); 1 Corbin, Contracts (1950), Secs. 121, 122, 135; 1 Williston, Contracts (3d Ed. 1957), Secs. 102A, 135. Detriment, as used in testing the sufficiency of considerations, means legal detriment as distinguished from detriment in fact. I Williston, Sec. 102A. Since the sufficiency of the considerations for this contract is manifest, we do not reach the question of whether the elements of benefit to the promisor and detriment to the promisee are necessary to the sufficiency of a consideration. See 1 Corbin, *Ibid.*, Secs. 121, 122.

There was no breach of a condition subsequent which would warrant appellant's considering the contract terminated. The resolution of June 13 provided that Lipsey "is to be free to do any work as he pleases." Moreover, the jury was warranted in finding that appellee's

small garden seed store was not in competition with appellant, and appellee cooperated with the new management. Since the resolution of June 13 provided the retirement plan would start August 1, the amount of the verdict was correctly computed by the jury.

Affirmed.

*McGehee, C. J.*, and *Kyle, Gillespie* and *McElroy, JJ.*, concur.